UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| SIMON SYSTEMS, INC.<br>15305 Rosecroft Road<br>Rockville, MD 20853<br><br>    Plaintiff,<br><br>v.<br><br>CANOPUS CORPORATION<br>711 Charcot Ave.<br>San Jose, CA 95131<br><br>    SERVE:<br><br>KARLA VERNON, Registered Agent<br>711 Charcot Ave.<br>San Jose, CA 95131<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>: Civil Action No. DKC 06 CV 1917<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

COMPLAINT

THE PARTIES

1. Plaintiff, SIMON SYSTEMS, INC. (hereinafter "SSI"), is a corporation duly organized under the laws of the State of Maryland with a principal place of business at 10535 Rosecroft Road, Rockville, MD 20853.

2. Defendant, CANOPUS CORPORATION (hereinafter "CANOPUS") is a corporation having a business address at 711 Charcot Avenue, San Jose, California 95131.

## JURISDICTION

3. This is an action for patent infringement under the Patent Laws of the United States, Title 35, United States Code. The matter in controversy exceeds $75,000.00, exclusive of interests and costs, and is between citizens of different states. This Court has jurisdiction under the provisions of 28 U.S.C. §§ 1338 and 1332.

## PATENT INFRINGEMENT

4. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 3 of the Complaint.

5. On September 24, 1996, U.S. Patent No. 5,559,562 (hereinafter "THE 562 PATENT") was duly and legally issued to William Ferster (hereinafter "FERSTER") for MPEG Editor Method and Apparatus. A copy of THE 562 PATENT is attached to this Complaint as Exhibit A. FERSTER has duly assigned all right, title and interest in and to THE 562 PATENT to SSI, which assignment was recorded in the U.S. Patent and Trademark Office. SSI is the current owner of THE 562 PATENT.

6. Upon information and belief, CANOPUS has infringed, induced infringement of, and/or contributed to the infringement of various claims of THE 562 PATENT in the United States, and within this District, in derogation of the rights of SSI, through CANOPUS's manufacture, use and/or sale of MPEG editing equipment.

7. Upon information and belief, CANOPUS's infringement, inducement of infringement, and/or contributory infringement of

various claims of THE 562 PATENT has been willful and deliberate.

8. As a consequence of the acts of infringement by CANOPUS complained of herein, SSI has been damaged in an amount not yet precisely determined, but well in excess of $1,500,000, and SSI will continue to be so damaged by such acts in the future unless such acts are permanently enjoined by the Court.

9. SSI notified CANOPUS, and/or its parent companies, of SSI's ownership of THE 562 PATENT.

REQUESTED RELIEF

WHEREFORE, SSI prays for a final judgment providing:

1. That CANOPUS has infringed, has induced infringement of, and/or has contributed to infringement of one or more claims of THE 562 PATENT.

2. That CANOPUS has infringed, has induced infringement of, and/or has contributed to infringement of one or more claims THE 562 PATENT.

3. That CANOPUS's infringement, inducement of infringement, and/or contributory infringement of one or more claims of THE 562 PATENT has been willful and deliberate.

4. That CANOPUS, its officers, agents, employees, privies, successors, and assigns, all personal and entities holding by, through, or under it, and those acting toward it or on its behalf be preliminarily and permanently enjoined from further infringement and further inducement of infringement, and/or contributory infringement of THE 562 PATENT.

5. That CANOPUS account for and pay to SSI all damages caused to SSI by reason of CANOPUS's infringement of THE 562 PATENT, and that such damages be trebled by reason of deliberate and willful infringement of such patents.

6. That SSI be granted prejudgment and post-judgment interest on the damages caused to it by reason of CANOPUS's infringement of THE 562 PATENT.

7. That CANOPUS be preliminarily enjoined from any sales activities of any kind with respect to MPEG editing equipment pending the outcome of this lawsuit.

8. That SSI be granted its reasonable attorneys' fees, in view of the deliberate and willful nature of the infringement by CANOPUS.

9. That SSI be granted such other and further relief as the equity of the case may require and the Court may deem just and proper, together with the costs and disbursements in this action.

Respectfully submitted,

July 25, 2006

*/s/ Daniel S. Ward*
Daniel S. Ward, Bar #26429
Ward & Ward, P.L.L.C.
2020 N Street, N.W.
Washington, D.C. 20036
(202) 331-8160
(202) 331-9069 Fax
dan@wardlawdc.com